IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREJS NIKITJUKS : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 09-3901 |
| STOLT-NIELSEN, S.A. ET AL. : | |

**SURRICK, J.**                                                                       **OCTOBER  28 , 2010**

## MEMORANDUM

Presently before the Court is Plaintiff's Motion to Remand. (ECF No. 8.) For the following reasons, Plaintiff's Motion will be granted.

### I. BACKGROUND

Defendants Stolt-Nielsen, S.A., and Stolt Tankers and Terminals are engaged in the business of transporting, distributing, and storing liquid chemicals. (Mot. Remand Ex. C ¶ 5, ECF No. 8.) Stolt-Nielsen is a foreign corporate entity organized under the laws of Luxembourg. (*Id.* ¶ 2.) Stolt Tankers and Terminals is a wholly owned subsidiary of Stolt-Nielsen and has its principal place of business in the Netherlands. (*Id.* ¶ 3.) Defendants own and operate a vessel named *Stolt Stream*. (*Id.* ¶ 11.) Plaintiff Andrejs Nikitjuks, a Latvian citizen, was a seaman employed by Defendants and assigned to work on *Stolt Stream*. (*Id.* ¶ 12.)

On December 22, 2005, *Stolt Stream* was carrying cargo to a port located at Westway Dock, in Philadelphia, Pennsylvania. (*Id.* ¶ 13.) When the crew members were unloading cargo, Defendants ordered Plaintiff to assist in the performance of line-clearing operations. (*Id.* ¶ 14.) While Plaintiff was executing his duties, a Teflon envelope gasket of a cargo tank's hydraulic valve burst. (*Id.* ¶ 15.) The tank contained a dangerous chemical, caustic soda, which sprayed on

Plaintiff following the rupture. (*Id.*) Plaintiff alleges that he sustained severe personal injuries to his face, eyes, and other areas of his skin and body, as a result of the explosion and his physical contact with the caustic soda. (*Id.*)

On August 7, 2009, Plaintiff filed a Complaint in the Court of Common Pleas Philadelphia County asserting claims against Defendants under the Jones Act, 46 U.S.C. §§ 688, *et seq.*, the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 905, *et seq.*, and general maritime law. On August 27, 2009, Defendants timely filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1446(a). (Mot. Remand Ex. D.) Plaintiff then filed the instant Motion, arguing that the Jones Act bars the removal of actions brought by seamen in state courts. (*Id.* ¶ 19.) Defendants concede that the Jones Act generally precludes removal. (Defs.' Opp'n 3, ECF No. 10.) However, Defendants contend that removal is proper in this case because the Jones Act does not apply here. (*Id.*) Specifically, Defendants claim that they are not "employers" for the purposes of the Jones Act. (*Id.* 5.)

## II. LEGAL STANDARD

The Jones Act allows a seaman to recover for personal injuries suffered in the course of his or her employment. *Fasold v. Del. River & Bay Auth.*, 117 F. App'x 836, 837-38 (3d Cir. 2004) (non-precedential). It provides seamen with the same rights that are given to railway workers under the Federal Employers Liability Act ("FELA"). *Id.* An action under the FELA filed in state court is generally not removable. *See* 28 U.S.C. § 1445(a) ("A civil action in any State court against a railroad . . ., arising under [the FELA], may not be removed to any district court of the United States."); *see also Fritchman v. Norfolk S. Ry. Co.,* No. 08-2559, 2009 U.S. Dist. LEXIS 21379, at *7-8 (E.D. Pa. Mar. 17, 2009). The Jones Act, which incorporates by

reference the remedies available to railway employees in personal injury cases, concomitantly prevents the removal of actions brought by seamen in state courts under the Jones Act. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001); *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995); *Rodriguez v. Am. Trading & Transp. Co.*, No. 87-8180, 1988 WL 59016, at *1 & n.1 (E.D. Pa. June 3, 1988).

Although a Jones Act claim is generally not removable, a district court "may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in plaintiff's favor, the court determines that the plaintiff has no possibility of establishing a Jones Act claim on the merits." *Zertuche v. Great Lakes Dredge & Dock Co.*, 306 F. App'x 93, 94-95 (5th Cir. 2009) (internal quotation marks and citations omitted) (non-precedential). This rule is predicated on the notion that a "defendant seeking removal may 'pierce the pleadings' of a lawsuit asserting claims that are ostensibly barred by section 1445(a) to show that the claims have been fraudulently pled to avoid removal." *Feichko v. Denver & Rio Grande W. R.R.*, 213 F.3d 586, 589 (10th Cir. 2000). Defendants are "permitted to demonstrate that parties—or claims—are baseless in law and in fact and 'serve[] only to frustrate federal jurisdiction.'" *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) (citations omitted). However, this burden is a heavy one. A district court will only deny remand in a Jones Act case where it determines "*as a matter of law* there was no reasonable basis for predicting that the plaintiff might establish liability." *Burchett*, 48 F.3d at 176 (citations omitted).

## III. DISCUSSION

Defendants argue that remand is inappropriate because Plaintiff has not adequately asserted a claim against a "Jones Act Employer." (Defs.' Opp'n 5.) Defendants premise their

argument on a series of Supreme Court cases that provide a framework for determining whether a particular shipowner is an "employer" for Jones Act purposes. *Lauritzen v. Larsen*, 345 U.S. 571 (1953); *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970).

In *Lauritzen*, a Danish seaman by the name of Larsen, while temporarily in New York, joined the crew of a Danish ship. 345 U.S. at 573. Larsen was a member of a Danish union and his employment contract provided that his rights as a crew member would be governed by Danish law. *Id.* Larsen was injured during the course of his employment while his ship was in the Havana Harbor. He subsequently brought suit under the Jones Act in the Southern District of New York. *Id.* Reviewing the case on appeal, the Supreme Court articulated a number of factors that courts should consider when evaluating whether a plaintiff may sue a particular employer under the Jones Act. *Lauritzen*, 345 U.S. at 583-92. These factors include: 1) the place of the wrongful act; 2) the law of the flag; 3) the allegiance or domicile of the injured plaintiff; 4) the allegiance of the defendant; 5) the place of contract; 6) the inaccessibility of a foreign forum; and 7) the law of the forum. *Id.* In *Rhoditis*, the Court added the defendant's "base of operations" to this list. 398 U.S. at 309.

Defendants agree that claims to which the Jones Act applies are generally not removable. (Defs.' Opp'n 3.) However, Defendants ask us to apply the *Lauritzen-Rhoditis* factors and determine whether the Plaintiff has properly asserted a claim against a Jones Act employer. We are satisfied that it would be inappropriate for the Court to engage in a *Lauritzen-Rhoditis* analysis at this time.

The Third Circuit has determined that courts should apply the *Lauritzen-Rhoditis* analysis "to determine choice of law, not subject matter jurisdiction." *Neely v. Club Med Mgmt. Servs.*,

*Inc.*, 63 F.3d 166, 177-78 (3d Cir. 1995); *see also In re Del. Bay Launch Serv., Inc.*, No. 06-595, 2010 WL 2898296, at *2-3 (D. Del. July 20, 2010). The Third Circuit warned that "treating the *Lauritzen* analysis as going to subject matter jurisdiction would be out of keeping with the approach of most jurisdictional inquiries, which tend to be straight-forward threshold questions." *Neely*, 63 F.3d at 177. Since a *Lauritzen–Rhoditis* analysis implicates choice of law questions concerning Defendants' contacts with the United States, an analysis of these issues before the parties undertake discovery is inappropriate. *In re Del. Bay*, 2010 WL 2898296, at *3.

Moreover, this is not a case where Plaintiff's inclusion of a Jones Act claim appears to be fraudulent. Nor is this a case where there exists "no possibility of establishing a Jones Act claim on the merits." *Zertuche*, 306 F. App'x at 94-95 (citations omitted). Plaintiff's Complaint alleges that Defendants are engaged in the business of transporting, distributing, transferring and storing liquid chemicals in Philadelphia. (Mot. Remand Ex. C ¶ 5.) While the Complaint also states that Defendants' "principal place[s] of business" are the United Kingdom and the Netherlands, this appears to refer to Defendants' headquarters, rather than their bases of operation. (*Id.* ¶¶ 2-3.) The Supreme Court in *Rhoditis* sanctioned a liberal construction of the "base of operations" factor so as not give an "alien owner, engaged in an extensive business operation in this country, . . . an advantage over citizens engaged in the same business by allowing him to escape the obligations and responsibility of a Jones Act 'employer.'" 398 U.S. at 310. The parties will have to conduct discovery before a determination of whether Defendants have "substantial and continuing" contacts with the United States can be made. *See id.*

In addition, Plaintiff alleges that he was severely injured while Defendants' vessel was

5

unloading cargo at Westway Dock in Philadelphia. (Mot. Remand Ex. C ¶ 13.) He alleges that his injuries were caused by Defendants' negligence and that the *Stolt Stream* violated OSHA and Coast Guard regulations. (*Id.* ¶ 16.) These contacts with the United States potentially subject Defendants to Jones Act liability.

Defendants rely on several cases in which courts have determined that removal was proper. Defendants cite *Hutton v. Consolidated Grain and Barge Co.*, in which the court ruled that the plaintiff was not employed as a crew member of a "vessel in navigation." 170 F. Supp. 2d 844, 846-47 (C.D. Ill. 2001). Since the Jones Act requires that a seaman work aboard a vessel, the court denied the plaintiff's motion to remand. However, Defendants failed to mention that the district court's judgment was subsequently vacated and the case was remanded to Illinois state court. *Hutton v. Consol. Grain & Barge Co.*, No. 01-3272 (C.D. Ill. Jan. 18, 2002) (order vacating and remanding). In any event, *Hutton* is easily distinguished from the instant case. In *Hutton*, there was uncontroverted evidence that the plaintiff did not work on a vessel as that term is defined by the Jones Act. 170 F. Supp. 2d at 846-47. The plaintiff thus failed to plead a threshold requirement. Here, Defendants ask us to apply a *Lauritzen–Rhoditis* analysis to determine whether they are "Jones Act employers." However, *Lauritzen–Rhoditis* is a choice of law evaluation, not a threshold determination. *Neely*, 63 F.3d at 177-78. Since the *Lauritzen-Rhoditis* framework requires a fact-intensive analysis, discovery is necessary before a determination can be made as to whether this Jones Act claim should be dismissed.

Defendants' reliance on *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340 (5th Cir. 1999), is similarly unavailing. In *Hufnagel*, the court denied the plaintiff's motion to remand because the undisputed evidence demonstrated that the plaintiff was not a Jones Act seaman, but,

instead, a land-based employee. *Id.* at 353. To maintain a cause of action under the Jones Act, the plaintiff must be a seaman. *Id.* at 346. In the instant case, there are no disputes as to the threshold issues of a Jones Act cause of action. Plaintiff alleges that he was a seaman and crew member on Defendants' vessel; he was injured in the course and scope of his employment at a Philadelphia dock; and he suffered severe injuries that were caused by Defendants' negligence. (Mot. Remand Ex. C ¶¶ 12-16.)

Finally, Defendants cite *Quaide v. Union Oil Company of California*, No. 90-0678, 1990 U.S. Dist. LEXIS 18896 (S.D. Tex. Sept. 17, 1990), in support of their request that we apply the *Lauritzen-Rhoditis* analysis at this juncture. In *Quaide*, the court did engage in a *Lauritzen-Rhoditis* analysis at the motion to remand stage. The court found that the majority of the *Lauritzen-Rhoditis* factors favored the application of Indonesian law, despite the fact that the plaintiff and the defendants were United States citizens. *Id.* at *4-7. We find the analysis in *Quaide* unconvincing. Moreover, *Quaide* was decided before the Third Circuit's decision in *Neely*. Where Plaintiff's Jones Act claims are not insubstantial and do not clearly appear to be made solely for the purpose of obtaining jurisdiction, dismissal prior to discovery is appropriate. *See Neely*, 63 F.3d at 178 n.7.

This is not a case where Plaintiff's Jones Act claims are wholly frivolous or immaterial. It is far from certain that discovery will show that Plaintiff's Jones Act claims will fail. Although several factors favor Defendants, such as the foreign citizenship of Plaintiff and the foreign corporate status of Defendants, we may only deny remand if, as a matter of law, there is no reasonable basis for predicting that Plaintiff will prevail. *Burchett*, 48 F.3d at 176. Accepting as true the allegations in Plaintiff's Complaint, Defendants are potentially subject to Jones Act

7

liability. Therefore, removal is improper and the case will be remanded.

## IV. CONCLUSION

For the foregoing reasons, the case will be remanded.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**